UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OLIVER ROSAS ROSAS,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | Case No. 23-cv-04058-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 1 |

 Petitioner Oliver Rosas Rosas is a citizen of Mexico and has been detained by Immigration & Customs Enforcement (ICE).[1] He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention. This order requires the respondents to respond to the petition.

 The court may entertain a petition for writ of habeas corpus under 28 U.S.C. § 2241 to review a bond hearing determination for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200–01 (9th Cir. 2011). "[A]lthough the Attorney General's discretionary judgment . . . shall not be subject to review, claims that the discretionary process itself was constitutionally flawed are cognizable[.]" *Id*. at 1202. Because the petitioner claims that he has been in prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing, the court has jurisdiction. *Gonzalez v.*

---

[1] Pet. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-04058-LB

*Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Upon review of the petition, the court cannot say that the claims are patently without merit. The respondents must respond to those claims.

The court orders the United States to respond by September 7, 2023 (in the form of an answer under Rule 5 of the Rules Governing Section 2254 Cases), showing cause why a writ of habeas corpus should not be issued. The petitioner's traverse is due by September 21, 2023.

The parties can alter this schedule by stipulation, and if they have disagreements, can submit a joint statement with those disagreements within seven day from the date of this order.

**IT IS SO ORDERED.**

Dated: August 18, 2023

LAUREL BEELER
United States Magistrate Judge