1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11   OLIVER ROSAS ROSAS,                Case No. 23-cv-04058-LB

12                    Petitioner,       **ORDER GRANTING PETITION FOR
                                        WRIT OF HABEAS CORPUS BASED
13          v.                          ON A VIOLATION OF PROCEDURAL
                                        DUE PROCESS**
14   MOISES BECERRA, et al.,
                                        Re: ECF No. 1
15                    Respondents.

16

17                             **INTRODUCTION**

18        The petitioner is a Mexican national who has lived in the United States since he was three. In

19   May 2022, he completed a combined five-year state prison sentence based on two separate law-

20   enforcement encounters: (1) second-degree robbery and (2) carjacking and recklessly evading a

21   police officer. Since his release, he has been in the custody of U.S. Immigrations and Customs

22   Enforcement (ICE) at the privately owned Golden State Annex, which is the Eastern District of

23   California. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on the ground that

24   his continued detention for over fifteen months violates his procedural and substantive due-process

25   rights. He asks for release or a bond hearing before an immigration judge. The government asks for

26   transfer to the Eastern District on the ground that a § 2241 petition lies against the custodian. It also

27   contends that continued detention is constitutionally permissible for persons (like the petitioner)

28

who committed aggravated felonies, have been ordered removed, and decide to contest their removal through appeals.

The court grants the petition on the ground that the petitioner's detention without an individualized bond hearing violates his right to procedural due process. The court thus orders a bond hearing before an immigration judge within ten days.

## STATEMENT

The petitioner, who is twenty-three, is a Mexican national who came to the United States when he was three. Since then, he has lived in southern California with his family.[1] He describes a childhood marred by an abusive, alcoholic stepfather and relentless bullying at school, where he was in special-education classes throughout most of elementary school because of his delayed speech development. At age fourteen, he began associating with a gang, which made him feel safer. His mother eventually applied for immigration relief under the Violence Against Women Act, and the petitioner obtained Immigrant Juvenile Status.[2]

When he was eighteen, the petitioner and a friend fought with a fifteen-year-old boy at his school and took his belongings. His school suspended him, and at a meeting with school officials to discuss further discipline, the police arrested him. He was convicted on May 9, 2018, of second-degree robbery, and the court ordered him to complete twenty days of community service. Less than one month after his conviction, on June 5, 2018, the petitioner carjacked a car by brandishing a kitchen knife that he carried for protection and threatening to kill the car's sleeping inhabitant unless he left the car. He took the car, the police pursued him, and he crashed the car into two other parked cars after a chase that included speeds of up to eighty miles an hour and his running two stop signs and a red light. He fled on foot until he was tackled by a police canine. Incident to his arrest, the police found the knife and a vial of suspected methamphetamine. He was convicted

---

[1] Pet. – ECF No. 1 at 8 (¶ 25); Rosas Decl., Ex. A. to Sánchez Decl. – ECF No. 1-2 at 3 (¶ 1). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents and sometimes also to the page numbers at the bottom of transcripts.

[2] Pet. – ECF No. 1 at 8–9 (¶¶ 26–29); Rosas Decl., Ex. A. to Sánchez Decl. – ECF No. 1-2 at 4–5 (¶¶ 5–11).

1    on June 20, 2018, of felony carjacking and recklessly evading the police. His sentences were (1)

2    two years for second-degree robbery (because he could not complete the earlier-imposed twenty

3    days of community service) and (2) three years for the felony carjacking and reckless evasion.[3]

4         The petitioner finished his sentence on May 2, 2022. Because he had committed a crime of

5    moral turpitude, ICE detained him. On May 2 and 10, 2022, ICE reviewed his custody status and

6    determined that he would remain in custody as a risk to public safety. ICE housed him at the

7    privately owned Golden State Annex in McFarland, California, in the Eastern District of

8    California.[4]

9         On May 2, 2022, the Department of Homeland Security (DHS) placed the petitioner in

10   removal proceedings under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8

11   U.S.C. § 1182(a)(1)(A) (making noncitizens inadmissible if they are present in the U.S. without

12   being admitted or parole into the country), and INA § 212(a)(2)(A)(i)(I), 8 U.S.C. §

13   1182(a)(2)(A)(i)(I) (making noncitizens removable if they commit a "crime of moral turpitude").[5]

14        On May 12, 2022, the petitioner withdrew his request for a change in custody status.[6] On

15   August 9, 2022, he submitted a release request to ICE. ICE denied release on August 11, 2022, on

16   the ground that the petitioner was subject to mandatory detention.[7]

17        The immigration judge set a July 19, 2022 hearing on the petitioner's application for relief

18   from removal, which had not been filed yet, but then continued it to August 31, 2022, to allow the

19   petitioner to put on an expert witness.[8] The judge continued it again to September 28, 2022,

20   apparently because the petitioner had not complied with the judge's request to provide a statement

21

22

23   [3] Pet. – ECF No. 1 at 9 (¶¶ 30–31); Rosas Decl., Ex. A. to Sánchez Decl. – ECF No. 1-2 at 4–5 (¶¶ 14–
     18); Martinez Decl. – ECF No. 14-1 at 3 (¶¶ 8–9); Certified Conviction Record, Ex. 1 to *id.* – ECF No.
24   14-1 at 9, 15, 26, 29–41).

25   [4] Martinez Decl. – ECF No. 14-1 at 4 (¶¶ 14–15); Pet. – ECF No. 1 at 10 (¶ 34).

     [5] Pet. – ECF No. 1 at 13 (¶ 47); Notice to Appear, Ex. B to Sánchez Decl. – ECF No. 1-2 at 20, 23.
26
     [6] Martinez Decl. – ECF No. 14-1 at 4 (¶ 16); IJ Order, Ex. 7 to Martinez Decl. – ECF No. 14-1 at 71.
27   [7] Martinez Decl. – ECF No. 14-1 at 5 (¶¶ 26–27).

28   [8] Pet. – ECF No. 1 at 14 (¶ 51); Tr., Ex. D to Sánchez Decl. – ECF No. 1-2 at 33 (p. 6:3–22), 36–38
     (pp. 88:1–90:7).

United States District Court
Northern District of California

from the expert.[9] On September 28, connection issues prevented the petitioner from joining the hearing by video, and he did not agree to appear by telephone. As a result, the immigration judge continued the hearing to October 12, 2022.[10] The hearing resumed on October 12, 2022, the petitioner asked to put on additional testimony, and the immigration judge continued the hearing to December 6, 2022. The hearing concluded with closing arguments on December 7, 2022.[11] On December 23, 2022, the immigration judge ordered the petitioner removed from the United States and denied his application for relief from removal.[12]

The petitioner appealed to the Board of Immigration Appeals on December 28, 2022. The Board denied his appeal on May 10, 2023.[13] Two days later, the petitioner petitioned for review in the Ninth Circuit and moved to stay removal. That automatically stayed his removal to Mexico.[14]

The conditions of the petitioner's confinement are difficult: limited visitation, inedible and inadequate food, and lack of rehabilitative programming, among other issues.[15] The petitioner, among others, protested by engaging in labor and hunger strikes. ICE and GEO Group, the private entity operating the prison, retaliated with disciplinary write-ups and restricted access to benefits, including the commissary, library, recreation areas, religious services, and visitation. Officers taunted the petitioner during his hunger strike and then denied him access to the nutritional supplements he needed to recover.[16] Throughout the process, the plaintiff advocated for change and wants to continue advocacy outside of prison.[17]

---

[9] Pet. – ECF No. 1 at 14 (¶ 51); Tr., Ex. D to Sánchez Decl. – ECF No. 1-2 at 33 (p. 6:3–22), 36–38 (pp. 88:1–90:7), 40 (p. 92:13–24).

[10] *Id.* at 45–46 (pp. 96:17–97:24).

[11] *Id.* at 49 (p. 99:1–25), 51 (p. 147:1–25), 53 (p. 184:1–25).

[12] *Id.* at 55 (pp. 199:1–200:23).

[13] Pet. – ECF No. 1 at 15 (¶¶ 52–53); Rosas Decl. – ECF No. 1-2 at 16 (¶ 51).

[14] Pet. – ECF No. 1 at 15 (¶ 53); Ninth Circuit Case Summary, No. 23-916, Ex. H to Sánchez Decl. – ECF No. 1-3 at 24–27; *see* Resp. – ECF No. 14 at 10 (describing procedural history).

[15] Pet. – ECF No. 1 at 10–11 (¶¶ 36–38); Rosas Decl., Ex. A. to Sánchez Decl. – ECF No. 1-2 at 12–15 (¶¶ 37–49).

[16] Rosas Decl. – ECF No. 1-2 at 14 (¶¶ 42–44), 15 (¶¶ 46–49).

[17] *Id.* at 15–16 (¶ 50).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

According to the government, while detained at Golden State Annex, the petitioner "punched another detainee in the face with a closed fist without provocation, resulting in severe injuries to the victim's face," an incident that was captured on video and that resulted in thirty days of disciplinary segregation and fifteen days of commissary restriction. On another occasion, also captured on video, the petitioner "refused to return property bins to the detention facility's officers and engaged in a physical struggle over" the bins. As a result, he received nine days in disciplinary segregation.[18]

If released, the petitioner will participate in a reentry program, thereafter will live with his mother, and has the support of his family and a mentor. He has spent years reflecting on his actions and has committed to making better choices.[19] His pro bono attorney is working on post-conviction relief for his robbery conviction, which may help his entitlement to relief in his immigration case.[20]

The court held a hearing on October 5, 2023. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[21]

## ANALYSIS

The three issues are (1) whether jurisdiction lies in the Northern District of California or instead is only in the Eastern District, where the petitioner is housed in a privately owned facility, (2) whether the petitioner's continued detention violates his right to substantive due process, and (3) whether the continued detention violates his right to procedural due process. There is jurisdiction in the Northern District. The continued detention is a violation of the petitioner's right to procedural due process. The remedy is a bond hearing before an immigration judge.

### 1. Jurisdiction

Citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446–47 (2004), and *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759–60 (9th Cir. 2020), the government contends that jurisdiction is in the Eastern

---

[18] Martinez Decl. – ECF No. 14-1 at 4–5 (¶¶ 20, 25); Incident of Prohibited Acts and Notice of Charges, Ex. 10 to *id.* at 100, 102; Disciplinary Charge Packet Routing Form, Ex. 14 to *id.* at 122–23, 129.

[19] Rosas Decl. – ECF No. 1-2 at 9–11 (¶¶ 26–32), 16–18 (¶¶ 53–60).

[20] *Id.* at 16 (¶ 52). His attorneys elaborated on this point at the hearing.

[21] Consents – ECF Nos. 12–13.

District of California, where the petitioner is housed.[22] Generally, the proper respondent in a habeas petition is the warden of the facility. *Perera v. Jennings*, No. 21–cv-04136-BLF, 2021 WL 2400981, at *2 (N.D. Cal. June 11, 2021). But "[c]ourts in this district repeatedly have held, both before and since *Lopez-Marroquin*, that *Padilla* does not extend to cases such as this one where the immediate custodian lacks any actual authority over the immigrant detainee." *Domingo v. Barr*, No. 20-cv-06089-YGR, 2020 WL 5798238, at *2 (N.D. Cal. Sept. 29, 2020) (collecting cases); *accord Perera*, 2021 WL 2400981, at *2 (collecting cases); *Martinez Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 WL 3688097, at *4 (N.D. Cal. May 26, 2023). The court follows that weight of authority as persuasive. Jurisdiction lies in this district.

## 2. Substantive Due Process

The petitioner contends that his prolonged detention under 8 U.S.C. § 1226(c) is excessive, is unjustified because he is not a flight risk or a danger to the community, and thus violates his right to substantive due process. He asks for release from custody.[23] The government counters that mandatory detention under § 1226(c) is facially constitutional, *see Denmore v. Kim*, 538 U.S. 510, 521–23 (2003), and in any event does not violate substantive due process because the delay results from the petitioner's pursuit of his immigration case.[24]

*Denmore* upheld the facial constitutionality of mandatory detention under § 1226(c): "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process" that serves the valid government interest of mitigating the risks that someone in immigration custody is a flight risk or a threat to the community. 538 U.S. at 521–23 (cleaned up). But the Court did not address whether § 1226(c) is unconstitutional as applied to a particular petitioner. As other courts in this district have held, the Court left open the possibility that non-citizens can challenge their detention under § 1226(c) as applied to their particular detention. *Nielsen v. Preap*, 139 S. Ct. 954,

---

[22] Resp. – ECF No. 14 at 11–19.

[23] Pet. – ECF No. 1 at 2–3 (¶¶ 2–5); Traverse – ECF No. 16 at 8, 21.

[24] Resp. – ECF No. 14 at 19–24.

United States District Court
Northern District of California

972 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges[.]"); *Martinez Leiva*, 2023 WL 3688097, at *5; *I.E.S. v. Becerra*, No. 23-cv-03783-BLF, 2023 WL 6317617, at *6 (N.D. Cal. Sept. 27, 2023). Following other courts in this district, the court considers the petitioner's as-applied challenge. *Martinez Leiva*, 2023 WL 3688097, at *5; *I.E.S.*, 2023 WL 6317617, at *6.

A federal district court can grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *accord Gonzalez v. Bonnar*, No. 18–cv–05321–JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (cleaned up).

A civil detainee's confinement is unconstitutional under the Fifth Amendment if his conditions of confinement "amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 535); *accord Bent v. Barr*, No. 4:19-cv-06123-DMR, 2020 WL 1812850, at *4 (N.D. Cal. Apr. 9, 2020); *Ortuño v. Jennings*, No. 3:20-cv-02064-MMC (N.D. Cal.), Order – ECF No. 38 at 4; *Castillo v. Barr*, 449 F. Supp. 3d 915, 919–20 (C.D. Cal. 2020). "[P]unitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 932 (cleaned up). The government's legitimate, non-punitive interests include ensuring a detainee's presence at immigration proceedings. *Id.* (ensuring a detainee's presence at trial); *Ortuño*, No. 3:20-cv-02064-MMC (N.D. Cal.), Order – ECF No. 38 at 4 (immigration proceedings).

Two courts in this district recently addressed whether an immigration detainee's confinement at Golden State Annex is punitive and thus violates the detainee's right to substantive due process. Both determined that similar periods of confinement should be evaluated as procedural due-process challenges, not substantive due-process challenges. *Martinez Leiva*, 2023 WL 3688097, at *2, *5–6 (detained almost nineteen months); *I.E.S.*, 2023 WL 6317617, at *1–2, *6–7 (detained

United States District Court
Northern District of California

almost seventeen months). The court follows those opinions as persuasive and considers whether the detention here violates the petitioner's right to procedural due process.

### 3. Procedural Due Process

The plaintiff contends that his detention without an individualized bond hearing is presumptively unconstitutional because it exceeds six months and in any event violates his right to procedural due process.[25] Courts in this district have rejected arguments that a detention without an individualized bond hearing that exceeds six month is presumptively unconstitutional and instead apply the three-part balancing test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to evaluate whether the detention violated the petitioner's right to procedural due process. *Martinez Leiva*, 2023 WL 3688097, at *7–9 (collecting cases); *I.E.S.*, 2023 WL 6317617, at *7–10. The court applies the *Mathews* balancing test and concludes that the petitioner's fifteen-month detention without an individualized bond hearing violates his right to procedural due process.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. *Mathews* set forth three factors that a court must consider in determining the process due: (1) the private interest affected by the government action, (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Id.* at 335.

The three factors require a bond hearing.

First, the petitioner has a significant private interest in freedom from custody. *I.E.S.*, 2023 WL 6317617, at *8 (collecting and applying cases and rejecting the government's argument that the length of confinement resulted from his choice to contest removal proceedings).

---

[25] Pet. – ECF No. 1 at 29–40 (¶¶ 95–128).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Second, the risk of an erroneous deprivation of the liberty interest is significant. While the court does not decide the ultimate question of whether a bond is appropriate, the petitioner has established that he is not a risk of flight (as discussed at the hearing). He also submitted substantial evidence of his rehabilitation, and he has a robust reentry plan to address any concern about danger to the community. Given this context, the risk of an erroneous deprivation is high unless a neutral decisionmaker considers and weighs his evidence. *I.E.S.*, 2023 WL 6317617, at *9; *Martinez Leiva*, 2023 WL 3688097, at *8.

Third, the government's interest in continued detention without a bond hearing is low. *I.E.S.*, 2023 WL 6317617, at *9; *Martinez Leiva*, 2023 WL 3688097, at *8.

In sum, the petitioner's prolonged confinement without a bond hearing violates his right to procedural due process. Like other courts in this district, the court concludes that an immigration judge should conduct the hearing. *I.E.S.*, 2023 WL 6317617, at *9; *Martinez Leiva*, 2023 WL 3688097, at *8. At the hearing, the government must prove by clear and convincing evidence that continued detention is justified. *I.E.S.*, 2023 WL 6317617, at *10 (collecting cases and conducting a robust analysis of the issue).

## CONCLUSION

The court grants the petition on the ground that the petitioner's prolonged detention without an individualized bond hearing violates his right to procedural due process. An immigration judge must conduct the bond hearing within ten days of the date of this order. At the bond hearing, the government must either prove by clear and convincing evidence that continued detention is justified or release the petitioner.

This resolves ECF No. 1.

**IT IS SO ORDERED.**

Dated: October 6, 2023

_____
LAUREL BEELER
United States Magistrate Judge